UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

   v.                                                               Criminal No. 15-cr-170-LM-1
                                                                      Opinion No. 2021 DNH 115 P

<u>Jamie Hilow</u>

**O R D E R**

Defendant Jamie Hilow moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on the basis of the COVID-19 pandemic (doc. nos. 101, 105).  As Mr. Hilow has exhausted available administrative remedies, his motion is properly before the court.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

To obtain a sentence reduction, Mr. Hilow must demonstrate that: (1) extraordinary and compelling reasons for a sentence reduction exist, and (2) such a reduction would be consistent with applicable sentencing factors set forth in 18 U.S.C. § 3553(a) as well as any applicable policy statements from the Sentencing Commission.  <u>See</u> <u>id.</u>  In the context of the current pandemic, courts have held that a combination of health and age factors that put a prisoner at a substantially higher risk due to COVID-19 along with a documented risk of disease in the facility where the defendant is incarcerated may demonstrate extraordinary and compelling reasons to reduce a prisoner's sentence.  United States v. Patten, Crim. No. 18-cr-073-LM-1, 2021 WL 275444, at *2 (D.N.H. Jan. 27, 2021).

In the present case, Mr. Hilow pled guilty in 2016 to conspiring to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i). He faced a guideline sentence of 151 to 188 months imprisonment as a recidivist offender, and a minimum mandatory sentence of 120 months. The court sentenced him to 135 months. He has served approximately 76 months, which is 56% of his imposed sentence and 64% of the time until his projected release date.[1]

This is Mr. Hilow's second motion for compassionate release within a year. Mr. Hilow previously moved for compassionate release in July 2020 (doc. no. 87). The court denied his first compassionate release motion, finding that his medical conditions and the outbreak at Schuylkill FCI constituted an extraordinary and compelling reason for release but that reason did not outweigh the sentencing factors in 18 U.S.C. § 3553(a). See Endorsed Order of August 19, 2020. The court denied Mr. Hilow's first motion for the reasons stated orally on the record during the hearing on that motion. At that hearing, the court found that Mr. Hilow's lengthy sentence of over 11 years was just punishment given the large quantity of heroin—nearly two and a half kilograms—that he pled guilty to conspiring to sell. The court also found that Mr. Hilow's extensive criminal record placed him at a high risk of future dangerousness. Because of his dangerousness and high risk of recidivism, the court concluded that reducing Mr. Hilow's sentence by half would

---

[1] Mr. Hilow has been in custody since March 2015. The expiration of his imposed sentence is June 2026. His projected release date is December 2024, without accounting for pre-release to a halfway house, a sentence reduction after completion of RDAP, and additional good time from the First Step Act.

not promote respect for the law. The court stated that it was not a "close case" and that "the goals of sentencing very much outweigh" the reasons in favor of early release.

Seven months after that denial, Mr. Hilow filed this request for compassionate release (doc. no. 101). Since the order denying his first motion, Mr. Hilow has contracted COVID-19, recovered, and is now fully vaccinated. Mr. Hilow argues that these new developments, coupled with the same medical conditions in his first motion and the possibility of an outbreak of COVID-19 at his facility, create an extraordinary and compelling reason for release. His medical conditions include a BMI of 30, hypertension, a history of smoking, and a history of intravenous drug use. He asserts that these conditions may place him at risk of contracting COVID-19 a second time, thus placing him at an increased risk of suffering and severe illness.[2]

The government argues that Mr. Hilow has failed to demonstrate an extraordinary and compelling reason for a sentence reduction because he is fully vaccinated and his facility has no cases of COVID-19.[3] See United States v. Smith, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("[A]bsent some

---

[2] CDC, People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 13, 2021).

[3] BOP, COVID-19, https://www.bop.gov/coronavirus/ (Schuylkill FCI Facility) (last visited July. 13, 2021).

shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); United States v. Stewart, No. CR 08-00346 (SDW), 2021 WL 2134937, at *4 (D.N.J. May 25, 2021) (same); United States v. La Cava, No. 6:16-CR-262-JA-GJK, 2021 WL 2210067, at *3 (M.D. Fla. June 1, 2021) (same).

The court need not decide whether Mr. Hilow has shown an extraordinary and compelling reason for a sentence reduction. Even if he successfully met that requirement for compassionate release, the sentencing factors again outweigh any such reason. See Delacruz v. United States, 471 F. Supp. 3d 451, 456-58 (D.N.H. 2020) (finding that the § 3553(a) factors outweighed defendant's extraordinary and compelling reason). The court summarized Mr. Hilow's criminal record at his sentencing hearing:

> You started committing crimes at a young age and you've never really stopped. At 17 years old you used a knife to stab someone multiple times. On a different occasion you took your anger out on someone's car using a baseball bat. You have a history of being deceitful to law enforcement which, coupled with your lengthy record, is indicative of you being a high risk for recidivism. Were you a person with a minimal criminal record I would limit the sentence to the minimum mandatory as it would be sufficient, despite your supervisory role in this drug conspiracy. But you come before me with a history of thumbing your nose at the law, a history that includes convictions for violent conduct, and a long history of drug-related crime. Your criminal record really does not support any lenience here.

Doc. no. 71 at 37-38.

Mr. Hilow's criminal record is indicative of a high risk of recidivism and dangerousness. That has not changed since the date of his sentencing hearing. The only differences between Mr. Hilow's first and second motions for compassionate release are that Mr. Hilow contracted (and recovered from) COVID-19, received two shots of the Pfizer vaccine, and served twelve more months of his sentence.  The facts underlying Mr. Hilow's first compassionate release motion— that Mr. Hilow's sentence is appropriate given the large quantities of drugs he trafficked, that his criminal history indicates he may still be dangerous upon reentry, and that he has a high risk of recidivism—have not changed in the intervening time between motions.  In short, the passage of twelve months does not alter the court's compassionate release assessment in this case.  See United States v. Nygren, No. 1:16-CR-00106-JAW, 2021 WL 1928541, at *10 (D. Me. May 13, 2021) (denying defendant's second motion for compassionate release after finding there were "no significant developments to change the Court's determination . . . [o]ther than the passage of time" and successful vaccination since denying defendant's first motion for compassionate release 9 months prior).

Releasing Mr. Hilow with so much time left to serve on his sentence (much of which was statutorily mandated) would not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(1)-(3).  The court again finds that the goals of sentencing,

particularly the goal of public protection, outweigh any compelling reason for early release.[4]

## CONCLUSION

Mr. Hilow's second motion for compassionate release (doc. no. 101) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 22, 2021

cc: Counsel of Record

---

[4] Mr. Hilow also moves for home confinement under the CARES Act, 18 U.S.C. § 3624(C)(2); however, the decision whether to release a defendant on home confinement is completely within BOP's discretion—even under the CARES Act. See 18 U.S.C. §§ 3621(b), 3624(c)(2); Tapia v. United States, 564 U.S. 319, 331 (2011); United States v. Barnes, No. 16-20308, 2020 WL 2733885, at *2 (E.D. Mich. May 26, 2020). Although the court may recommend that BOP release a defendant on home confinement, see 18 U.S.C. § 3621(b)(4); United States v. Doshi, No. 13-CR-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020), the court declines to do so here for the same reasons it denies the instant motion.